| | |
|---|---|
| 1 | Todd J. Harlow [Pro Hac Vice Forthcoming] |
| 2 | tharlow@fbtlaw.com<br>FROST BROWN TODD, LLC |
| 3 | 2101 Cedar Springs Road, Suite 900<br>Dallas, Texas 75201 |
| 4 | Telephone: (214) 545-3472<br>Facsimile: (214) 545-3473 |
| 5 | John W. Shaw, Esq., SBN: 82802 |
| 6 | jshaw@sksattorneys.com<br>Christian A. Carrillo, Esq., SBN: 210962 |
| 7 | cac@sksattorneys.com<br>**SHAW KOEPKE & SATTER, LLP** |
| 8 | 23326 Hawthorne Boulevard Suite 320<br>Torrance, California 90505 |
| 9 | Telephone:(310) 373-4445<br>Facsimile: (310) 373-4440 |
| 10 | Attorneys for Plaintiff, |
| 11 | **B12 Consulting, LLC** |

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| B12 CONSULTING, LLC , | Case No. |
| Plaintiff, | Date Complaint Filed: |
| vs. | **COMPLAINT FOR DAMAGES:**<br>   **(1) BREACH OF CONTRACT**<br>   **(2) QUANTUM MERUIT** |
| UST GLOBAL, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff, B12 CONSULTING, LLC, ("B12") files its Complaint against Defendant, UST GLOBAL, INC., ("UST"), and in support, respectfully shows as follows:

1

# INTRODUCTION

This breach of contract case stems from UST's breach of a Master Services Agreement ("MSA") with B12. Per the MSA, UST engaged B12 to provide IT support services for various UST projects. B12 fully performed its obligations under the MSA and associated Statements of Work ("SOWs"), and invoiced UST for services B12 provided. Even though UST does not dispute that it owes B12 over $1.3 million in unpaid invoices, UST refuses to pay. UST's failure to comply with its contractual obligations under the MSA leaves B12 no choice but to bring the causes of action alleged below.

# PARTIES

1. B12 Consulting, LLC is a Texas limited liability company whose sole member, Dr. Neena Biswas, is a Texas citizen and resident. B12 provides IT staffing and related services to clients such as UST.

2. UST Global Inc is a Delaware corporation with its principal place of business in Aliso Viejo, California. Headquartered at 5 Polaris Way, Aliso Viejo, California 92656, UST is a global technology company that engages subcontractors such as B12 to provide IT staffing support for UST projects in the United States. UST may be served with process through its registered agent, National Registered Agents, Inc. (C1941323), at 818 West Seventh Street, Suite 930, Los Angeles, California 90017. UST may also be served at its corporate headquarters at 5 Polaris Way, Aliso Viejo, California 92656, by serving any of the following authorized employees: Amanda Garcia, Vivian Imperial, Gladys Aguilera, Gabriela Sanchez, Daisy Montenegro, Beatrice Casarez-Barrientez, Carlos Paz, Albert Damonte, Jessie Gastelum, or Peter Cayetano.

/ / /

/ / /

/ / /

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332(a)(1) because the parties are completely diverse, and because the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because UST is a resident of this district.

5. Jurisdiction and venue are also proper pursuant to Section 24 of the MSA, which provides that "the sole forum for resolving disputes arising under or relating to [the MSA] are the state and federal courts located in the state in which the principal business office of the defendant is located."

## FACTUAL BACKGROUND

6. B12 and UST entered into the MSA on October 20, 2014. *See* Exhibit "A," attached hereto and incorporated herein by reference. Per the MSA, B12 as Subcontractor agreed to provide IT support services to UST as Client, with specific services to be identified in SOWs issued by UST to B12. UST agreed to pay B12 for those IT support services based on a schedule set out in the MSA.

7. Thereafter, UST issued SOWs for B12 to provide IT support services for several UST projects. After providing required services, B12 invoiced UST for its work. All B12 invoices were prepared and provided to UST within thirty (30) days of completion of the services detailed in B12's invoices. The invoice numbers, dates, and amounts owed are listed in the attached Exhibit "B." The total amount due and owing from UST to B12 is $1,471,530.52.[1]

8. UST never disputed the quality of B12's work or the amount owed on $1,378,587.60 of the invoices at issue in this suit.[2]

---

[1] The invoices listed in Exhibit "B" total $1,614,842.52. UST directly paid subcontractors $143,312 for services provided in connection with SOWs issued to B12. B12 has credited UST for those payments, leaving $1,471,530.52 outstanding.

[2] During the extensive negotiation period that preceded the filing of this lawsuit, UST identified certain B12 invoices that it contends have already been paid or were otherwise disputed. The vast majority of B12's invoices have never been contested.

9. UST's obligation to pay for B12's work cannot be seriously disputed. Yet, UST has failed and refused to pay for B12's services under the MSA despite B12's repeated demands for payment.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

10. Plaintiff reincorporates the facts alleged above.

11. B12 and UST entered into a valid, enforceable MSA. *See* Exhibit "A."

12. B12 performed or was excused from performing its obligations under the MSA and the SOWs UST issued pursuant to the MSA.

13. UST breached the MSA by failing to pay B12 the amounts owed for B12's services, as reflected in the invoices B12 prepared and provided to UST during the course of performance of the contract.

14. As a result of UST's breach, B12 has been damaged in the amount of $1,471,530.52, the total amount of unpaid invoices owed by UST to B12. *See* Exhibit "B."

## SECOND CAUSE OF ACTION
## (QUANTUM MERUIT)

15. Plaintiff reincorporates the facts alleged above.

16. Pleading in the alternative, to the extent the MSA is not a valid, enforceable contract, B12's services to UST were rendered under an understanding and expectation of both parties that compensation therefor was to be made.

17. B12 acted pursuant to an explicit or implicit request for services by UST.

18. The services provided by B12 conferred a benefit on UST. The amount of that benefit is quantified in the attached Exhibit "B."

/ / /

/ / /

## PRAYER

Plaintiff, B12 CONSULTING, LLC, respectfully requests and prays that Defendant, UST GLOBAL, INC., be cited to appear in this cause, and that Plaintiff have judgment against Defendant for all relief sought herein, as follows:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    All costs of suit, including without limitation attorneys' fees, litigation costs, and expert witness fees to the extent permitted under California law;

    c.    Pre- and post-judgment interest in the maximum amount permitted by law; and

    d.    Such other and further relief, both special and general, at law or in equity, to which Plaintiff may be justly entitled.

Dated: September 17, 2020

Respectfully submitted,

**FROST BROWN TODD, LLC**

By: _____
Todd A. Harlow
[Pro Hac Vice Forthcoming]

**SHAW, KOEPKE & SATTER, LLP**

By: _____
John W. Shaw
Christian A. Carrillo

Attorneys for Plaintiff,
**B12 Consulting, LLC**

## DEMAND FOR JURY TRIAL

Plaintiff, B12 CONSULTING, LLC, hereby demands trial by jury.

Dated: September 17, 2020

Respectfully submitted,

**FROST BROWN TODD, LLC**

By: _____
Todd A. Harlow
[Pro Hac Vice Forthcoming]

**SHAW, KOEPKE & SATTER, LLP**

By: _____
John W. Shaw
Christian A. Carrillo

Attorneys for Plaintiff,
**B12 Consulting, LLC**