## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-01773-JVS (JDEx)                    Date   December 21, 2021

Title   B12 Consulting, LLC v. UST Global, Inc.

Present: The
Honorable        **James V. Selna, U.S. District Court Judge**

Elsa Vargas for Lisa Bredahl                              Not Present
Deputy Clerk                                         Court Reporter

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**   **[IN CHAMBERS]** ORDER RE MOTIONS IN LIMINE

Defendant UST Global, Inc. ("UST") moves the Court for relief by way of Motions *in Limine.*  As noted below, Plaintiff B12 Consulting, LLC ("B12") opposes, and B12 has responded.  The Court now enters its rulings.

Having again reviewed the filings, with the exception of Motion *in Limine* No. 3, the Court finds that oral argument would not be helpful.

I.     Motion *in Limine* No. 1: Prejudgment Interest

UST seeks an order to exclude the presentation of evidence regarding prejudgment interest to the jury, and also an order excluding the award  prejudgment interest in its entirety because of B12's failure to make required disclosures under the Federal Rules of Civil Procedure.  (Docket No. 34.)  B12 has filed an omnibus opposition (Docket No. 38), and UST has filed an omnibus reply (Docket No. 39).

First, the Court grants the Motion with regard to evidence going to the jury. The issue is one for the Court's discretion.  Knapp V. Ernst & Whiney, 90 F.3d 1431,1441 (9th Cir. 1996); HasingChina Hsu v. Puma Biotechnology, Inc., 2019 WL 4295285 at * 2 (C.D. Cal. Sept. 9, 2019).  The Court will deal with the issue in a follow-on bifurcated phase.

Second, UST relies on the requirement in Rule 26(a)(1)(A)(iii) to present "a computation of each category of damages claimed by the disclosing party."  (Fed. R. Civ. P. 26(a)(1)(A)(iii).)  The sole case cited by UST is Knapp which discussed prejudgement interest, but says nothing about a disclosure requirement.  (Motion, p. 3-4.)  UST claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-01773-JVS (JDEx)          Date   December 21, 2021

Title   B12 Consulting, LLC v. UST Global, Inc.

that it "had no opportunity to take discovery about B12's calculation." (Id., p. 5.) This overlooks the fact that one component of the calculation is known: the statutory prejudgment interest rate. (Cal. Civ. Code § 3287(a).) UST advances no argument that B12 failed to make adequate damage disclosures. In its initial disclosure, B12 disclosed its damage figure as well as its intent to seek prejudgment interest. (Harlow Decl., ¶ 5, Ex. A.) A 10 percent calculation is fairly simple. Moreover, as UST acknowledges, B12 did produce a calculation when UST advised of its intent to file this Motion. (Reply, p. 2.) The Court is aware of the mandatory requirement under Rule 37(c)(1) to impose sanctions. Fed. R. Civ. P. 37(c)(1); Yetti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1105-06 (9th Cir. 2001). However, any shortcoming in this context is harmless. Moreover, given that the issue will be bifurcated, the Court can alway allow limited discovery if the record then indicates that it is warranted. Such a remedy would be in keeping with Rule 37's directive to consider less drastic remedies.

For the foregoing reasons, the Motion is granted in part and denied in part.

II.   Motion in Limine No. 2: Undisclosed Decrements.

UST seeks an order to exclude documents neither identified or disclosed in discovery. (Docket No. 35.) B12 has filed an omnibus opposition (Docket No. 38), and UST has filed an omnibus reply (Docket No. 39).

UST cites the well known bases for disclosures and sanctions for failing to make those disclosures. (Motion, pp. 3-4.) However, UST cites only one speicific document: an April 13, 2015 email from Rajesekhar Kamath which was attached to one of the summary judgment filings.

However, the email was produced on the last day of discovery and shortly re-produced when it was found that the electronic document was corrupted. (Harlow Decl., ¶ 12.) Moreover, Shouvik Bhattacharyya ("Bhattacharyya") was examined on the document at his deposition as corporate representative. (Id. & Ex. E.) While the document may have been produced earlier, the Court finds substantial compliance with UST's discovery obligation (Fed. R. Civ. P. 37(c)(1)), and any shortcoming was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-01773-JVS (JDEx) | Date | December 21, 2021 |
|---|---|---|---|

| Title | B12 Consulting, LLC v. UST Global, Inc. |
|---|---|

harmless given the document's use at deposition.[1]  To the extent that UST seeks relief with respect to the email, the Motion is denied.

With respect to all other unidentified non-produced documents, the Motion is denied without prejudice.  If the UST objects to a document at trial on this basis, it shall cite the specific basis for its production.

The document was also used in the earlier Third Eye litigation.  (Harlow Decl., ¶ 11.)

III.    Motion *in Limine* No. 3: Last Day Production.

UST seeks an order to exclude documents produced by B12 on the last day of discovery.  (Docket No. 36.)  B12 has filed an omnibus opposition (Docket No. 38), and UST has filed an omnibus reply (Docket No.  39).

On the last day of discovery, B12 produced approximately 700 pages of documents (Bates No.  B21202763-B12103379 ["Late Production"]).  This is a substantial volume.

B12 points to the fact that UST waited to serve its document request until the end of the discovery period, indeed the last permissible day under the scheduling order.  B12 also points to its duty to supplement which it contends it was doing. (Opposition, p. 8.)

The Court requires further information to resolve the dispute.  At the hearing, UST shall identify the specific documents in the Late Production which are on the joint exhibit list.  At the hearing, B12 shall be prepared to identify specific documents in the Last Production for which it claims was triggered by the last document request and which documents were produced on the basis of its Rule 26(e) obligation to supplement. B12 shall also advise the Court of the total volume of its production.

The Court will take up this Motion of the first day of trial.  The trial will begin at 8:00 a.m. rather than 8:30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-01773-JVS (JDEx) | Date | December 21, 2021 |
|---|---|---|---|
| Title | B12 Consulting, LLC v. UST Global, Inc. | | |

IV.   Motion *in Limine* No. 4: Other Proceeding.

UST seeks an order to exclude evidence of other proceedings between UST and any affiliate and B12, any affiliates and Bhattacharyya in any capacity.  (Docket No. 37.)  B12 has filed an omnibus opposition (Docket No. 38), and UST has filed an omnibus reply (Docket No. 39).

UST contends that such evidence is irrelevant to the current dispute (Fed. R. Evid. 401), and more prejudicial that probative (Fed. R. Evid. 403).

B12 does not dispute the underlying merits of the motion, but argues for several exceptions.

First, some documents may reference this and other disputes.  The Court directs B12 to redact unrelated references.  If in doubt, B12 should seek the Court's guidance.

Second, B12 contends that the Third Eye litigation relevant to B12's claim for prejudgment interest.  The Court finds that the manner in which the Third Eye litigation treated the issue and how B12 presented it are irrelevant.  The issue this case will be resolved on its own facts, including B12'disclosures or lack of disclosures, and the law applicable to this case.

Third, B12 presents no basis for the relevance of the other litigations.  (Opposition, pp. 11-12.)  Proof of so-called "scorched earth" tactics in other litigations is not relevant, sheds no light any of the claims to be litigated here, and is more prejudicial that probative and will lead to undue jury confusion.

As outlined above, the Motion is GRANTED in part and DENIED in part.

IV.  Additional Matters.

In view of the above rulings, the Court vacates the January 3, 2022 hearing.

The Court advises the parties that it will be dark on Friday January 14, 2022.

\* \* \* \* \* \* \* \* \* \* \* \*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-01773-JVS (JDEx) | Date | December 21, 2021 |
|---|---|---|---|
| Title | B12 Consulting, LLC v. UST Global, Inc. | | |

**Counsel are ordered to advise the parties and all witnesses of the Court's rulings so that there are no inadvertent violations of this Order.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | eva/lmb | |